Jones-SY v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-098-CR

     SONIA YEVETTE JONES,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 209th District Court
Harris County, Texas
Trial Court # 605,620
                                                                                                    

O P I N I O N
                                                                                                    

      In this case the Appellant was indicted for the offense of aggravated robbery, to which she
(Appellant) pleaded guilty without any agreement with the State as regards to the actual
punishment she should receive. The State did agree to a maximum of fifty years in the Texas
Department of Criminal Justice, Institutional Division. The trial court set her punishment at
thirty-five years in prison.
      Counsel on appeal has filed an Anders brief. See Anders v. California, 386 U.S. 739, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our Court of Criminal Appeals has adopted the holding in
Anders. Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991). In Anders the United
States Supreme Court held:
The constitutional requirement of substantial equality and fair process can only be
attained where counsel acts in the role of an active advocate in behalf of his client, as
opposed to that of amicus curiae . . . . His role as advocate requires that he support his
client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly
frivolous, after a conscientious examination of it, he should so advise the [appellate] court
and request permission to withdraw. That request must, however, be accompanied by
a brief referring to anything in the record that might arguably support the appeal. A copy
of counsel's brief should be furnished the indigent and time allowed him to raise any
points that he chooses; the court—not counsel—then proceeds, after a full examination
of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it
may grant counsel's request to withdraw and dismiss the appeal insofar as federal
requirements are concerned, or proceed to a decision on the merits, if the state law so
requires. On the other hand, if it finds any of the legal points arguable on their merits
(and therefore not frivolous) it must, prior to decision, afford the indigent the assistance
of counsel to argue the appeal.

Anders, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d 493.
      After counsel files a proper Anders brief, the court of appeals must conduct its own review
of the record to ascertain if there are any arguable grounds for the appeal. Stafford, 813 S.W.2d
at 511. Counsel filed an Anders brief asserting that he had reviewed the entire appellate record
and, in his professional opinion, appeal of the judgment is without merit and frivolous. Counsel's
brief states that the indictment alleged all necessary elements of the charged offense; and that the
plea agreement signed by Appellant admits and confesses that she was guilty of the offense
charged.
      The record reflects that the court informed Appellant of her right to a jury trial and the effects
of signing a confession. Appellant stated she understood her rights, that she had read the plea
document and reviewed it with her attorney, and that her signature was freely and voluntarily
given. The court established the factual basis for the guilty plea. Finally, the court informed
Appellant of the range of punishment for the offense.
      As stated, the trial court assessed Appellant's punishment at thirty-five years in the Texas
Department of Criminal Justice, Institutional Division.
      Appellant's counsel, by a letter addressed to Appellant dated June 18, 1992, furnished her a
copy of his brief and told her of her right to file her own brief if she so desired, and to
immediately write to the Chief Judge of the Tenth Court of Appeals if she wished to file her own
brief and to ask the court for the deadline to be extended for filing her brief, and ask the court to
give her access to the transcript and statement of facts.
      Thereafter, Appellant was notified by a letter from the Tenth Court of Appeals, dated July 7,
1992, that she would be allowed to file a pro se brief. She was further notified that if a pro se
brief was not filed by September 1, 1992, that the case would be submitted on the record and
briefs on file. Appellant did not file a pro se brief.
      After a full examination of the entire proceeding, we conclude that the appeal is frivolous. 
See Anders, 386 U.S. at 744, 87 S.Ct. at 1400. We affirm the judgment.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed February 10, 1993
Do not publish